IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JENEFFA LAVERA THOMAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 3:16-cv-305-TFM [wo] |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.*, Jeneffa Lavera Thoms ("Thomas" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court **AFFIRMS** the Commissioner's decision denying disability insurance benefits.

**I. NATURE OF THE CASE**

Thomas seeks judicial review of the Commissioner of Social Security Administration's decision denying her application for disability insurance benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 Fed. Appx. 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the

Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[2] *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.[3] However, despite the fact they are

---

[2] DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[3] SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues. *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986). Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520[4]; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 Fed. Appx. 456, 2015 U.S. App. LEXIS 9640, 2015 WL 3605682 (11th Cir. June 10, 2015). The ALJ determines:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) Whether the claimant has a severe impairment or combination of impairments;

(3) Whether the impairment meets or exceeds one of the impairments in the listings;

(4) Whether the claimant can perform past relevant work; and

(5) Whether the claimant can perform other work in the national economy.

---

[4] For purposes of this appeal, the court uses the versions effective until March 27, 2017 as that was the version in effect when the ALJ rendered her decision and the filing of this appeal.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). When a claimant is found disabled – or not – at an early step, the remaining steps are not considered. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Ostborg v. Comm'r of Soc. Sec.*, 610 Fed. Appx. 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39. A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations. *Phillips*, 357 F.3d at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[5] ("grids") or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of

---

[5] *See* 20 C.F.R. pt. 404 subpt. P, app. 2

these factors can independently limit the number of jobs realistically available to an individual. *Id*. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id*. A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

### IV. BACKGROUND AND PROCEEDINGS

Thomas brought a disability claim because of osteoarthritis, right arm problems, hypertension and diabetes. (R. 253-256). Following initial administrative denial of her claim, Thomas requested a hearing before an administrative law judge ("ALJ") (R. 204). ALJ Renita Barnett-Jefferson ("the ALJ") convened an evidentiary hearing on June 19, 2013. (R. 47-83). Thomas and her attorney appeared at the hearing. The ALJ received direct testimony from Thomas and a Vocational Expert ("VE"). The remaining evidentiary record consisted of medical reports from treating sources and residual functional capacity assessments completed by a medical consultant who examined Thomas and reviewed medical records upon request of Alabama Disability Determination Services.[6] The ALJ rendered an unfavorable verdict on July 18, 2014. (R. 116-134). On March 8, 2016, the Appeals Council denied Thomas' request for review (R. 1-7). This Social Security Appeal was filed on April 29, 2016. *See* Doc. 1, Complaint.

---

[6] Samuel D. Williams, M.D., (R. 182-198). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a).

## V. ADMINISTRATIVE DECISION

Employing the five step process, the ALJ found that Thomas has not engaged in substantial gainful activity since the alleged onset date (Step 1);[7] has severe impairments (Step 2); the impairments, considered individually and in combination, do meet or equal in severity any impairment set forth in the listings (Step 3); Thomas cannot perform her past relevant work as a case worker (Step 4); and a significant number of jobs are available in the national economy which Thomas could perform with her residual functional capacity (Step 5). (R. 120-134).

The ALJ utilized Vocational Expert (VE) testimony which indicates Thomas can perform work available in the national economy with the limitations which beset Thomas. (R. 176-180).

## VI. ISSUES

Thomas raises one issue on appeal:

(1) Whether the Commissioner of Social Security made a proper and just decision regarding the Appellant's Social Security claim for Disability Insurance Benefits.[8]

## VII. DISCUSSION AND ANALYSIS

**A. Whether ALJ properly discounted the opinion of a treating physician en route to the determination that Thomas has the Residual Functional Capacity (RFC) to perform work available in the national economy.**

Thomas alleges the ALJ improperly discounted the opinion of Dr. Adahli Estrada-Massey. The regulations give preference to the opinion of the treating physicians. 20 C.F.R. § 404.1527(d)(1)-(2); *Winschel*, 631 F.3d at 1179 ("Absent good cause, an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight.") (internal citations

---

[7] The ALJ found the following "severe" impairments: rheumatoid arthritis; left knee osteoarthritis and degeneration of medial meniscus; hypertension; lumbago; anxiety; somatoform disorder and pain disorder. (R. 121).
[8] The court finds this broad issue characterization singularly unhelpful. Nonetheless, the brief adequately sets forth the claims of error.

and quotations omitted). However, "the ALJ has the discretion to weigh objective medical evidence and may choose to reject the opinion of a treating physician while accepting the opinion of a consulting physician…[but] if he follows that course of action, he must show 'good cause' for his decision." *Gholston v. Barnhart*, 347 F.Supp.2d 1108, 1114 (M.D. Ala. 2003); *see also Phillips*, 357 F.3d at 1240 (quoting *Lewis,* 125 F.3d at 1440) (The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241). In other words, the Eleventh Circuit has found good cause for discounting a treating physician's report when the report "is not accompanied by objective medical evidence or is wholly conclusory." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir.1991)). Additionally, there is good cause where the treating physicians' opinions are "inconsistent with their own medical records[.]" *Roth v. Astrue,* 249 Fed. Appx. 167, 168 (11th Cir. 2007) (citing *Lewis,* 125 F.3d at 1440). However, the ALJ must clearly articulate his reasons for disregarding the opinion of a treating physician. *Winschel*, 631 F.3d at 1179. Thus, "[w]hen the ALJ articulates specific reasons for not giving the treating physician's opinion controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Schuhardt v. Astrue*, 303 Fed. Appx. 757, 759 (11th Cir. 2008) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

However, as articulated by the *Heatly* holding, the ALJ must make specific and well-articulated findings in step 3 as to the effect of the combination of impairments. *Heatly*, 382

Fed. Appx. at 825. Thus, the Court will also look to whether the ALJ erred in Step 3 in his consideration of Thomas's impairments or combination of impairments. "The ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Id*. (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1991)(explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments."). In this case, the ALJ satisfied that requirement.

Records from Dr. Massey do not indicate Thomas is disabled or that Dr. Massey has any opinion as to Thomas vis a vis her ability to perform work related tasks. (R. 473-482, 492-495, 533-537, 551-582, 608-624). Indeed, the treatment Dr. Massey gave to Thomas is consistent with the treatment protocols of her other physicians. The Court agrees with the ALJ that the whole course of treatment by Dr. Massey and the other treating physicians was quite conservative and not consistent with the treatment one would expect to be given to a person who is unable to work. In fact, when Thomas sought a "no work opinion" from Dr. Baker and Dr. Godsil, her treating physicians, they found Thomas could work. (R. 129, 369, 373, 395, 501). Accordingly, the Court finds no error in the decision of the ALJ to give great weight to the opinion of the treating physicians. The remainder of the record indicates the ALJ considered all the medical evidence and opinions and articulated the weight she gave to each open. It is not the role of the court to reweigh the evidence but to examine the evidence to conclude whether there was evidence to support the Commissioner's decision. *Chater*, 84 F.3d at 1400; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)) ("It is not for this court to 'decide the facts anew, make credibility determinations, or re-weigh the evidence.'").

The burden ultimately rests with Thomas to demonstrate her disability. *Doughty v. Apfel*,

245 F.3d 1274, 1276 (11th Cir. 2001). The Court concludes Thomas did not meet her burden, the ALJ properly evaluated the evidence, and substantial evidence supports the Commissioner's finding that Thomas is not disabled under the Act and its attendant regulations.

B.     **The ALJ was not biased against or critical of counsel for Thomas.**

Thomas argues the ALJ was critical of her counsel and admonished counsel in her written opinion. The ALJ stated in her disability opinion, "[T]here are no records from Dr. Chivukula's office in the record. Agency guidance directs that claimant has the burden of providing all relevant evidence regarding impairments and limitations. Claimant is advised of this directive in writing and verbally. It is the burden of the Agency and the State Agency to assist the claimant in gathering and presenting the evidence. However, the burden if not the opportunity to present evidence rest with the claimant. Additionally, in this case, the claimant' representative, Deborah Grossman is an attorney. As an attorney, I expect her to be familiar with the burden. In fact, in the present case, the attorney provided several documents indicating they were aware of the responsibility and opportunity to porvide relevant evidence. "(R. 129).

The Court finds the language non-disparaging of counsel but rather a simple statement that no records from Dr. Chivukula were before the ALJ, thus the ALJ reasonably and logically concluded such records did not exist or were not favorable to Thomas as her counsel would have provided the records since counsel provided other records which were arguably favorable to Thomas. In any event, nothing in the record indicates that Thomas received a full and fair hearing plus unbiased consideration of the evidence. Absolutely no evidence of record indicates the ALJ was biased against Thomas or her counsel. The burden rests with Thomas to demonstrate bias. *Schweiker v. McClure,* 456 U.S. 188, 195 (1982); *Withrow v. Larkin,* 421 U.S.

35, 47 (1975). The court finds Thomas cannot and did not meet her burden.

## VIII. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment is entered herewith.

DONE this 8th day of August, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE